IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

                Respondent,

        v.

WILFORD ARMSTEAD,

                Appellant.

No. 87357-1-I

DIVISION ONE

UNPUBLISHED OPINION

MANN, J. — Willford Armstead appeals the trial court's order denying his motion for postconviction deoxyribonucleic acid (DNA) testing under RCW 10.73.170. We affirm.

I

In 1984, Armstead pleaded guilty to one count each of possession of stolen property in the first degree, second degree, and third degree. In his guilty plea he stated:

> On November 6, 1984, in King County, I knowingly had in my possession all of the items listed in the information (counts 1, 2, and 3) knowing the items were stolen. I did withhold and appropriate those items to the use of a person other than Julia Hamilton (count 1) other than Donna Todd (count II) other than Carol Little (count III). The property referred to in count I was valued at over $1500. The property referred to in count II included a credit card and was also valued at over $250.

The trial court imposed a standard sentence totaling 20 months. Armstead is presently incarcerated for attempted murder committed in 2006.

In 2023, 39 years after his guilty plea for the stolen property, Armstead moved for postconviction DNA testing "of any and all material in the above-mentioned case that was preserved by law enforcement or any agency investigating this matter."

The trial court concluded that Armstead failed to provide a basis for DNA testing because

    a.  He has not established the existence of material evidence subject to DNA testing.

    b.  He has not established that either (i) this Court ruled that previous DNA testing did not meet acceptable scientific standards; or (ii) that DNA testing technology was not sufficiently developed to test the DNA evidence in the case; or (iii) that the DNA testing now requested would be significantly more accurate than prior DNA testing or would provide significant new information.

    c.  He has not established how any evidence, if it exists and was tested, would provide significant new information, be material to the identity of the perpetrator, or exculpate him.

Accordingly, the court denied his motion. Armstead appeals.

II

We review a trial court's ruling on a motion for postconviction DNA testing for abuse of discretion. State v. Crumpton, 181 Wn.2d 252, 257, 332 P.3d 448 (2014). A trial court abuses its discretion if the decision rests on facts unsupported by the record or was reached by applying the wrong legal standard. Crumpton, 181 Wn.2d at 257. RCW 10.73.170 provides a mechanism for individuals to seek DNA testing in order to establish their innocence. Crumpton, 181 Wn.2d at 258. In relevant part, RCW 10.73.170 provides:

(1) A person convicted of a felony in a Washington state court who currently is serving a term of imprisonment may submit to the court that entered the judgment of conviction a verified written motion requesting DNA testing, with a copy of the motion provided to the state office of public defense.

(2) The motion shall:

(a) State that:

(i) The court ruled that DNA testing did not meet acceptable scientific standards; or

(ii) DNA testing technology was not sufficiently developed to test the DNA evidence in the case; or

(iii) The DNA testing now requested would be significantly more accurate than prior DNA testing or would provide significant new information;

(b) Explain why DNA evidence is material to the identity of the perpetrator of, or accomplice to, the crime, or to sentence enhancement; and

(c) Comply with all other procedural requirements established by court rule.

(3) The court shall grant a motion requesting DNA testing under this section if such motion is in the form required by subsection (2) of this section, and the convicted person has shown the likelihood that the DNA evidence would demonstrate innocence on a more probable than not basis.

The statute has both procedural and substantive requirements. Crumpton, 181 Wn.2d at 258. Specifically,

The motion must state the basis for the request, explain the relevance of the DNA evidence sought, and comply with applicable court rules. RCW 10.73.170(2)(a)-(c). If the petitioner satisfies these procedural requirements, the court must grant the motion if it concludes the petitioner has shown the "likelihood that the DNA evidence would demonstrate innocence on a more probable than not basis."

State v. Riofta, 166 Wn.2d 358, 364, 209 P.3d 467 (2009) (citing RCW 10.73.170(2)-(3)).  The procedural requirements are lenient, by contrast, the "substantive standard is onerous."  Riofta, 166 Wn.2d at 367.

Armstead argues that the trial court abused its discretion when it denied his motion for postconviction DNA testing because he satisfied both the procedural and substantive requirements of RCW 10.73.170.[1]  We disagree.

First, Armstead failed to meet the procedural requirements.  Armstead did not specify the evidence that he requested DNA testing on.  Rather, Armstead requested "testing of any, and all material" is his case.  There was no information about his crimes or whether any evidence exists that could be tested for DNA.  Additionally, Armstead failed to identify how any of the evidence may be relevant to his case.  He only stated that the results of the testing would more likely than not demonstrate his innocence.  His motion did not explain why DNA evidence is material to the identity of the perpetrator of the crime.

Second, because he did not specify the evidence to be tested, Armstead failed to meet the substantive requirement of the statute because he did not specify how DNA testing would demonstrate his innocence.  Accordingly, the trial court did not abuse its discretion by denying his motion for postconviction DNA testing.

We affirm.[2]

---

[1] Although Armstead is currently incarcerated for a different crime, he argues that RCW 10.73.170 still applies.  We assume without deciding that Armstead can bring this motion and address only whether he met the procedural and substantive requirements of RCW 10.73.170.

[2] Armstead submits a statement of additional grounds arguing that his guilty plea was involuntary. Because this appeal concerns the trial court's order on postconviction DNA testing, we cannot review this argument.  See State v. Calvin, 176 Wn. App. 1, 26, 316 P.3d 496 (2013) (issues that involve facts or

Mann, J.

WE CONCUR:

Bui, J.                                    Díaz, J.

_____

evidence not in the record are properly raised through a personal restraint petition, not a statement of additional grounds).

-5-